IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RICHARD C. TOLBERT, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| JOHN K. EDWARDS, Circuit Public Defender, Southern Judicial Circuit, and CATHERINE M. SMITH, Chief Assistant Public Defender, | : | NO. 7:05-CV-130(HL) |
| | : | |
| Defendants | : | **O R D E R** |

Plaintiff **RICHARD C. TOLBERT**, a detainee at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and seeks leave to file this action *in forma pauperis*. Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $250.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).**II. BACKGROUND**

Plaintiff brings this action against John K. Edwards, "Circuit Public Defender, Southern Judicial Circuit" and Catherine M. Smith, "Chief Assistant Public Defender." Plaintiff alleges that Edwards and Smith have committed legal malpractice and provided plaintiff with ineffective assistance of counsel during plaintiff's ongoing state criminal proceedings. According to plaintiff, he was re-incarcerated on new charges at the Lowndes County Jail on October 14, 2005. Since that time, no one from the public defender's office has interviewed plaintiff or filed any pretrial motions on plaintiff's behalf. Plaintiff, a black male, alleges that there is "a pattern of race discrimination" in that white arrestees, detained on drug-related charges, are treated more favorably than black arrestees, detained on similar charges.

Plaintiff files this action seeking monetary damages and unspecified equitable relief.

### III.  DISCUSSION

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting "under color of state law."  ***Id.***

It is well-settled that in acting as counsel for a criminal defendant, a public defender does not act "under color of state law."  ***See Polk County v. Dodson***, 454 U.S. 312, 318-19 (1981) (holding that public defenders do not act "under color of state law" and therefore are not subject to suit under 42 U.S.C. § 1983); ***Wahl v. McIver***, 773 F.2d 1169, 1173 (11th Cir. 1985).  To the extent that plaintiff is arguing that Edwards or Smith provided plaintiff with ineffective assistance of counsel in representing plaintiff, plaintiff fails to state a federal claim under section 1983.

The Supreme Court in ***Polk***, however, stated that public defenders performing administrative or investigative functions might constitute state action sufficient to support a section 1983 claim. ***Polk***, 454 at 325; ***see also Miranda v. Clark County, Nevada***, 319 F.3d 465, 469-70 (9th Cir. 2003); ***Harris v. Grant***, 2003 WL 2006644 (E.D. Pa. Apr. 30, 2003).  Although a public defender's office creating or maintaining a policy favoring white arrestees over black arrestees could possibly state a claim under section 1983, the Court finds that plaintiff's complaint is insufficient.  Plaintiff makes only a conclusory allegation that white arrestees receive preferential treatment by the public defender's office.  He does not make a single specific factual allegation of such discrimination.  ***See Damiano v. Florida Parole and Probation Commission***, 785 F.2d 929 (11th Cir.1986) (finding that

inmate must establish that he is similarly situated to another who has received the desired treatment and that he has been invidiously discriminated against on the basis of a constitutionally protected interest).

Accordingly, this action must be dismissed, as there is no basis for its being filed in federal court. To the extent that plaintiff has stated cognizable claims against the defendants, he must file his lawsuit in a state court of general jurisdiction rather than in federal court.

### IV. CONCLUSION

Based on the foregoing, the instant action is hereby **DISMISSED** as frivolous pursuant section 1915(e)(2).

**SO ORDERED**, this 12th day of January, 2006.

s/   **Hugh Lawson**
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr